**In the Interest of J.B. and C.W.**

**Missouri Department of Social Services, Division of Family Services, Nancy Calhoun, Director, and Michael Waddle, Juvenile Officer of Adair County, Respondents,**

v.

**C.B. (Mother), Appellant,**

**J.B. (Father) and C.W. (Father), Defendants.**

**Nos. WD 63363, WD 63364.**

Missouri Court of Appeals, Western District.

March 2, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2004.

Application for Transfer Denied June 22, 2004.

Seth D. Shumaker, Kirksville, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gary L. Gardner, Assistant Attorney General, Joseph M. Cox, Jefferson City, MO, for respondent Department of Social Services, Division of Family Services.

Rickey R. Roberts, Kahoka, MO, for respondent Juvenile Officer.

Philip J. McIntosh, Kirksville, MO, Guardian ad litem.

Before LOWENSTEIN, P.J., and EDWIN H. SMITH and HOWARD, JJ.

**Order**

PER CURIAM.

C.B. (Mother) appeals from the judgments of the Circuit Court of Adair County, Juvenile Division, terminating her parental rights to her two minor children: J.B., born September 2, 1998; and C.W., born October 20, 2000.

Mother raises four points on appeal. In Point I, she claims that the juvenile court erred in terminating her parental rights to J.B. and C.W., pursuant to § 211.447.4(3), for failure to rectify, because termination on that ground was not supported by clear, cogent and convincing evidence. In Point II, she claims that the juvenile court erred in terminating her parental rights because: (A) its judgments of termination violated § 211.447.4 by purporting to terminate on the statutory factors for terminating for abuse or neglect, § 211.447.4(2), and for failure to rectify, § 211.447.4(3), rather than terminating on the actual statutory grounds of abuse or neglect, or failure to rectify; (B) its findings as to the statutory factors for terminating for abandonment, § 211.447.4(1), are "inconsistent" with termination on that ground; (C) the court terminated based on abandonment, § 211.447.4(1), when that statutory ground was neither pled nor proven; and (D) the evidence was insufficient to support termination based on neglect, § 211.447.4(2). In Point III, she claims that the juvenile court erred in finding that the termination

of her parental rights was in the best interests of the children, as required by § 211.447.5, because the finding was against the weight of the evidence. In Point IV, she claims that the juvenile court erred in awarding her attorney's fees for her court-appointed attorney, but not awarding her attorney's fees for her private counsel.

Affirmed. Rule 84.16(b).